# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-726V
Filed: March 14, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | UNPUBLISHED |
| R.H., by her parents and natural guardians, | * | |
| JASMATIE and RYON HARDEEN, | * | Special Master Sanders |
| | * | |
| Petitioners, | * | Dismissal; Diphtheria-Tetanus- |
| | * | acellular Pertussis ("DTaP") |
| v. | * | Vaccine; Inactivated Polio ("IPV") |
| | * | Vaccine; Haemophilus Influenza |
| SECRETARY OF HEALTH | * | ("Hib") Vaccine; Pneumococcal |
| AND HUMAN SERVICES, | * | Conjugate ("PCV7") Vaccine; |
| | * | Rotavirus Vaccine; Epilepsy; |
| Respondent. | * | Developmental Delays. |
| * * * * * * * * * * * * * * | | |

Clifford J. Shoemaker, Shoemaker, Gentry & Knickelbein, Vienna, VA, for Petitioners.

Linda S. Renzi, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On July 13, 2015, Jasmatie and Ryon Hardeen ("Petitioners") filed a petition on behalf of their daughter, R.H., for compensation in the National Vaccine Injury Compensation Program ["the Program"].[2] Pet. 1, ECF No. 1. They alleged that the Diphtheria-Tetanus-acellular Pertussis ("DTaP"), inactivated polio ("IPV"), haemophilus influenza ("Hib"), pneumococcal conjugate ("PCV7"), and Rotavirus vaccinations R.H. received on January 16, 2014 caused her to suffer epilepsy and developmental delays. Pet. 1, ECF No. 1; Resp't Rep. 1, ECF No. 20. The information in the record, however, does not show entitlement to an award under the Program.

---

[1] This decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On March 10, 2017, Petitioners moved for a decision dismissing their claim. Petitioners conceded that "[a]n investigation of the facts and science supporting this case has demonstrated to [Petitioners] that [they] will be unable to prove that [R.H.] is entitled to compensation in the Vaccine Program." Mot. Dis. Pet. 1, ECF No. 51. Petitioners filed this motion without opposition from Respondent. *Id.* at 2.

To receive compensation under the Program, Petitioners must prove either 1) that R.H. suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). An examination of the record did not uncover any evidence that R.H. suffered a "Table Injury." Further, the record does not contain persuasive evidence that her alleged injury was caused by the influenza vaccination.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records are insufficient to prove Petitioners' claim, and Petitioners have not filed a supportive opinion from an expert witness. Therefore, this case must be **dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master